**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 24-1794**

---

HADASSAH FEINBERG,

            Plaintiff - Appellant,

      v.

FERDINAND CINTRON, JR.; JOSH SHAPIRO; FRANCIS CHARDO; COLIN
ZWALLY; SCOTT SMITH; MICHELLE AVERY; EMILY HOFFMAN; JOSHUA
YOUNG; JEFF ENDERS; STEPHEN LIBHART; SALLY LUPINI; ERIKA
MARTEL; CARRIE SELF; GABI WILLIAMS; VALERIE ARKOOSH; VINCENT
PAESE; ADAM YOUNG; LAVAL MILLER-WILSON; ANDREA BANKES;
LARRY KRASNER; COREY DICKERSON; ANDREW BATH; LEE ANN
TARASI; CHRISTIAN RIBEC; ROBERT MARTIN; MARCIE SMITH; ERIC
SMITH; ROSA CRUZ; MANDJOU SYLLA; JULIE REIS; JOSHUA APPLEBY;
CURRIN HAINES-YODER; KATHRYN CROWELL; KENNY YOUNG; KIM
DEIBLER; MARISA MCCLELLAN; NOELLE BARRETT; GEORGE P.
HARTWICK, III; ALYSSA SCHATZ; ANDREA MARTIN; ALLISON VAJDIC;
SEAN MCCORMACK; TAMARA B. WILLIS; LISA WHEELER; JOHN F.
CHERRY; WAYNE A. JACOBS; MICHAEL PALERMO; JOHN J. MCNALLY;
MATTHEW P. SMITH; KIMBERLY KARDELIS; SAM GOLDBERG; EDWARD
E.   GUIDO;   BRIDGET   WHITLEY;   BRAD   WINNICK;   JAMES
SCHWARTZMAN;   SETH   WILLIAMS;   BRIAN   WOLFE;   MARLON
OSBOURNE; PAIGE KULSA; BRYAN R. HENNEMAN; ROGETTE HARRIS;
AMANDA OZENBAUGH; STEPHEN OLSZEWSKI; TOM MCGARRITY;
THOMAS CARTER; ANNA M. CIARDI,

            Defendants - Appellees.

---

Appeal from the United States District Court for the District of Maryland, at Baltimore.
George L. Russell, III, Chief District Judge.  (1:24-cv-01957-GLR)

2

Submitted: December 5, 2024                    Decided: December 9, 2024

---

Before GREGORY and RICHARDSON, Circuit Judges, and FLOYD, Senior Circuit Judge.

---

Dismissed by unpublished per curiam opinion.

---

Hadassah Feinberg, Appellant Pro Se.  John J. Hare, MARSHALL DENNEHEY, P.C., Philadelphia, Pennsylvania, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Hadassah Feinberg filed a civil action and a motion for leave to proceed in forma pauperis. The district court denied the motion to proceed in forma pauperis and afforded Feinberg 21 days to pay the filing fee for the action. Before the 21-day period elapsed, the district court concluded that venue was not proper in the District of Maryland and sua sponte transferred Feinberg's action to the United States District Court for the Middle District of Pennsylvania. Feinberg now seeks to appeal the venue transfer and in forma pauperis denial orders.

This court may exercise jurisdiction only over final orders, 28 U.S.C. § 1291, and certain interlocutory and collateral orders, 28 U.S.C. § 1292; Fed. R. Civ. P. 54(b); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545-47 (1949). The district court's venue transfer order is neither a final order nor an appealable interlocutory or collateral order. *See TechnoSteel, LLC v. Beers Constr. Co.*, 271 F.3d 151, 160-61 (4th Cir. 2001) (holding that court of appeals lacks jurisdiction to review transfer order once case file is transferred to court outside circuit and nonappealable interlocutory or collateral decisions also transfer with case).

A district court order denying leave to proceed in forma pauperis is an appealable order. *Roberts v. U.S. Dist. Ct. for the N. Dist. of Cal.*, 339 U.S. 844, 845 (1950). Feinberg's action, however, is no longer pending before the district court. Additionally, following the transfer of venue, the Middle District of Pennsylvania adjudicated Feinberg's motion seeking reconsideration of the denial of in forma pauperis status, ordered that she pay the filing fee for her action or file an in forma pauperis application, and dismissed her

3

action when she failed to comply in October 2024.  Accordingly, our resolution of this issue would be without effect, and therefore, advisory.  We thus lack jurisdiction to consider Feinberg's appeal of the district court's denial of her motion to proceed in forma pauperis.  *See Holloway v. City of Va. Beach*, 42 F.4th 266, 273 (4th Cir. 2022) ("A dispute is moot, depriving federal courts of jurisdiction to decide it, when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." (internal quotation marks omitted)); *Norfolk S. Ry. Co. v. City of Alexandria*, 608 F.3d 150, 161 (4th Cir. 2010) (noting that parties lack legally cognizable interest in outcome where "resolution of an issue could not possibly have any practical effect on the outcome of the matter").

Accordingly, we deny Feinberg's motion to redact and dismiss the appeal for lack of jurisdiction.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*